Our last case today is United States v. Muhammad Alright, and we welcome back Mr. Hillis and I see Mr. Whalen, so Mr. Hillis, you may proceed. May it please the court and counsel, my name is Daniel Hillis. I'd just like to make sure I can be heard. Chief Judge, am I coming through fine? Yes. I hope this one goes better than the earlier one. And I'm representing in this case Mr. Ka'ba Muhammad. He raises a single issue on the appeal. And that is whether the district court relied on errant information at the expense of my client's due process rights when fashioning the sentence. The particular aspect of the sentence here is restitution, which is part of the criminal sentence as a whole. And so the due process protections would apply equally to the sentence here as they would if it were a matter of incarceration. So a defendant, of course, has a due process right to be sentenced on the basis of reliable information. In that sentencing, at page appendix 12 and records 320, we see that the district court relied on inaccurate information in the post-sentence because the district court made a determination that there had been no restitution payments to date. Now, that was incorrect, of course, because the citation I just provided, R320, contains exhibits that show my client could make payments towards the $10,000 plus in restitution. And the amount that he paid was $433.32. And if I could hear for a minute, that's in the supplementation, as I understand it. Is that right? It's in the district court record, Judge, that there was basically, I think, Rule 10 materials that were provided after the appeal was filed, where the parties agreed to supplement the record in the district court level to show the record of payments from the clerk's office and the financial litigation unit from the government had proof of payments. Is that a proper use of Appellate Rule 10e? Judge, I believe so. And if it's not, I think there's a waiver problem for the government or an invited error problem if the government were to try to assert anything to the contrary, since their counsel agreed in the district court level to supplement the records in that fashion. There's been no appeal from that. I get the waiver issue, but just to clarify what happened here, this material wasn't in fact in the district court record. It wasn't before the district courts at the time of the resentencing. And Rule 10e, correction or modification of the record, is to resolve differences about whether the record, to quote the rule, truly disposes what occurred in the district court or something material was omitted from the district court record. And we don't really have that here. We have a, after the fact, supplementation of something that was not before the district court that the district court did not consider. And so I question whether that's appropriate for the rule and whether this material fits in front of us. I hear everything you're saying, but I would disagree because, of course, the clerk's office is the repository of payments that are made by defendants. So the information in the clerk's office showed that there was receipt of the 43332. So it is in front of the district court in a global sense of that type. So the information was there. And not to mention, the prosecutor provided the information as an answer to the judge, and that was incorrect information. So we're not faulting the prosecutor for not stepping in and correct the incorrect information that he gave. But the parties who are relevant here for this determination would be the government. They said there had been no restitution when their own records show that it was. So we think it was appropriate for them and responsible for them to come in and correct the information and make the agreements that they did. And back to the more fundamental question, perhaps, Judge, that if the records from the district court show the payment, then that information was in front of the district court. It's just the district court was not especially aware of it at the time it imposed the sentence. Well, right, and that's a nice segue to your merits argument. And the question that that brings up is why isn't this just appropriately treated as a credit against the total restitution? Sure, because the fundamental nature of a judgment is to record in time the accuracy of what has occurred to date. So if a judge enters a judgment and the judgment says that you owe $10,421.66, then that's the obligation going forward. And it makes no credit for this additional $433.32. So my client is at risk of paying more than he actually owes. But more fundamentally, Judge, that it shouldn't be treated as a credit because while it ultimately may be credited to him, this was relevant information for the imposition of sentence and the selection, say, of the term of supervised release. So if the judge thought my client has been completely derelict and not paying money, my client wanted no additional supervision. I think he had over-served his total sentence at that point, would like to have just been cut off paper and allowed to go free. But the judge considered this incorrect information, which does affect due process. So you can say it may all come out in the wash later if there was a correct accounting. But the fact of the matter is you look at Appendix Page 12, and there's a judge relying on incorrect information to fashion a criminal sentence. Mr. Hillis, in keeping with the exchange you just had with Judge Sykes, I have a hard time seeing what the practical issue here is. I get the legal argument, but I think there's – as I look at it, there's zero chance that Mr. Muhammad does not receive credit for the payment that was made and the COVID check that was applied or whatever the government check was or the stimulus payment. No, it's not about that, Judge. No, no, no. I get it. My question is this. You've done a lot of this. You've got a ton of practice experience. Do you come across routine, just regular – is there patterns and practices of payment crediting errors that your client's experience or that your office sees? I think I have too small a sample size. So, yes, we do a lot of this work in terms of criminal defense, but we don't have restitution claims come. And we commonly are now seeing, as we delve into this, very what we call inadequate work. There's not an accounting that's often given as part of the PSR, even though the rule says that there should be one. And so far as the credit goes, it's in the briefs. So I will volunteer that when we call the Financial Litigation Unit, they had incorrect information to show that there was interest accruing. So this is out there in the ether relative to most of the issues that we see. Yeah, I can understand why you would push it. In this case, in other cases, if you said, look, both in my office and I'm pretty plugged in around the federal defender community around the United States, this is a major problem that defendants are making payments and they're not getting credit. And it's happening everywhere all around the country. And that's that's why we're kind of pounding the table on this issue. If there was that sort of issue, I don't have the knowledge of it. There's an inspector general audit that should be done. I couldn't say I can only tell you about this case. And there's a risk that my client now need to overpay because he has not gotten any credit for the 433 32. And there's a new judgment that's in effect that makes him responsible for the total amount of restitution as if he never paid anything towards it. So there is a practical problem. And you might say, well, it seems small or 33 32 to an indigent person trying to get on his feet again is not insignificant. The important thing, I agree that 433 is not insignificant. If we were to remand the matter for the district court to enter the same kind of order, updating the restitution balance that had already entered. But possibly, as you noted in your brief, did not have jurisdiction to enter because the appeal was pending. If we remanded to get that done, would that address your concerns? Well, I think that we should also afford the district court the opportunity again to determine if it's necessary to have any supervised release. Because if this is a fact that bore on that decision as well, it could be a little more expansive than limited remand just for calculation purposes, judge. But I'll leave that for the court to consider. We'd like a full resentencing because, of course, my client could ask the district court to release him from paper entirely. But we think would be appropriate for the judge when he's making the decision to have all of the relevant information before him when he's fashioning the sentence. What what do you see as the suggestion in the record that he may have tied the two together? By my reading, the transcript was a very perfunctory resentencing. And he assigned the supervised release first and then got to the restitution amount next. Do you see something that that I don't see there? No, judge, your recount of the chronology is correct. But the problem is, in any instance where there's information that's relied upon ultimately to impose sentences, we can't tell what the impact would have been had the judge known the correct information. That's why we redo these cases. That's why it should be done here as well. With that, I reserve the balance of my time, unless your honor has a question. Thank you, Mr. Whalen. May it please the court. Good morning, your honors. Nathaniel Whalen here on behalf of the United States of America. Let me pick up where Mr. Hill's left off there. We're on a plain error standard of review. And this court talks in Bruce about the burden on the defendant as it relates to relying on inaccurate information. It's the defendant who has to show the court relied on the inaccurate information to his detriment. And so, Judge Jackson, I think your question is exactly right. Is there any evidence in the record that the district court relied on the restitution payments in calculating supervised release or term of imprisonment? No, there's none. There's no evidence whatsoever that the judge relied on restitution. The chronology is right. We talked about the term of imprisonment, which was agreed to. Then the supervised release. And then finally he turns to restitution. So it's the defendant's burden to show that some component of the sentence was affected by this erroneous information. Where that really leaves us then is the restitution judgment. And that then becomes a pure legal issue of what should a district court do when it imposes restitution after a judgment's been vacated? Does it reimpose the full amount of the victim's loss? Or is it supposed to reduce the amount by what the defendant has previously paid pursuant to a now vacated order? And, Your Honors, I researched this pretty extensively. We kind of canvassed all around the country. I'm unaware of an opinion that tells the district court exactly what to do here. We've gone through the statutes. We've gone through the case law. And I think the district court got it right here, which is you reimpose the full amount of the victim's loss. And then the defendant gets credit on the back end for the restitution that he's already paid pursuant to the now vacated order. As a practical reality, we have no order to collect upon once the original judgment's been vacated. And so the victims, as we said in this case, don't really have a statutory basis to have that money for the brief window between the vacater of the first order and the imposition of the second judgment, the amended judgment. And so once that judgment comes into play, that then gives us the authority to collect the restitution now. And the defense argues he hasn't gotten credit for that payment. That's just wrong. The supplemental materials that he included show that he's absolutely gotten credit for this payment, the 433 and then some, within the financial litigation unit, within the clerk of the court's budget, and it's kind of accounting. So it keeps a running total and it is accounted for every single cent the defendant says that he's paid. He hasn't pointed to anything he said that he paid that he hasn't gotten credit for. The problem, Judge Jackson, with kind of the suggestion of the defense that you should reduce the actual restitution judgment is let's say he does get credit for around the numbers for ease of math because I'm a lawyer and I purposely chose that instead of math. There's a $10,000 restitution judgment and let's say he's paid $1,000. It wouldn't make sense to impose a $9,000 judgment at resentencing because then what he can come back and say is, wait, wait, wait, there's only one valid judgment. I've already paid $1,000, so I'm actually at $8,000 at this point, not $9,000. And so now the victim is out $1,000 because the judgment has been changed. And that's why when district courts resentence defendants pursuant to terms of imprisonment on resentencing, they don't say, you know, if I want to give you 100 months, you serve 50. They don't say resentencing. Well, I'm only giving you 50 because the defendant has a very valid argument. OK, you're going to be 50. I've served 50. So now I'm done with my sentence. Mr. Wayland, I'm really interested in this canvassing that you did. You said you did not find any opinion telling district courts what to do in this situation on resentencing. Are you saying what you what you saw was in practice? Most district courts do what the district court did here. Are you saying something different? Yeah, I think that's what the cases say that in practice. I mean, to get to Judge Scudder's question, I do want to answer your question to get to Judge Scudder's question. This isn't a big issue that pops up a lot on what to do with resentencing for restitution purposes. And that's why I don't think I was able to find a whole lot on this. Practically, what we saw was that the district courts are imposing the same restitution figure as the original judgment. And I mean, candidly, I don't think that there's a whole lot of legal analysis that has gone into that decision in the opinions that we've seen and cited. Some of the opinions that we've cited in our brief talk about how when the entire judgment is vacated. And so the defendant is no longer guilty. What you do is you have to go back and get the restitution from the victims because there's now no valid judgment to collect on. That's really where we've seen the legal analysis. And that's some of the opinions that we cite in our brief, namely the Decker case, I believe, out of. I want to make sure I'm getting this right for your honor, the case out of Louisiana, the Beckner case. That's one of the ones that kind of engaged in the most legal analysis. But if you go through the statutes and you talk about how the U.S. is in charge of collecting restitution pursuant to a valid order. The only thing that makes sense is you have to reimpose the full amount for that to be the valid order that we can collect upon. Again, as it relates to a term of imprisonment, you want to reduce it for the amount of time the defendants are served. You give them the amount that you want them to serve. And then the BOP will credit on the back end the time that he's already served. That's what happens here. You impose the restitution for a full amount. The clerk of the court gives him credit for the amount paid. And if he has a question about that, he can file for an accounting with the clerk. And I think actually he has a right to walk in and see where he stands on his balance sheet. But to Mr. Muhammad's point, with your BOP example, you don't just sit as the district court back and expect the BOP to credit it. You make sure there's something in your written judgment that reflects what credit should be given. So why isn't that the answer here? Yeah, Your Honor, what the district courts do in terms of terms of imprisonment is they say credit for time served. They don't actually do the calculations because that's not within their purview. And that's what the Wilson case talks about. It's up to the BOP to do the credit calculations. There is an affirmative statement by the district court that credit ought to be given. I agree with that, Your Honor, but it doesn't calculate the exact amount. And here, as a practical reality, and this is where the plain error standard has some teeth, Mr. Muhammad has gotten credit for every payment he's made, regardless of whether the district court said it or not. And he has never disputed that he's gotten credit for every payment that he's made. Your Honor's point is well taken, and we are suggesting that in these instances going forward, our district courts say, you know, restitution in the amount of $10,000 with credit for amount already paid. But you wouldn't reduce the actual restitution judgment for the amount that's already been paid. That would just create a risk of the victims getting less than a full recovery. What would happen if the conviction and sentence were vacated? And the case was remanded for retrial? Or for interdict judgment of acquittal? What are the mechanics of what happens at that point? And those are two different hypotheticals, so if you could take each one. Thankfully, I don't have much experience with that, Your Honor. But it's my understanding what happens if it's remanded for retrial. What we would do is we would reach out to the victims and we would request they turn the money back over. I think it would probably be held by the clerk in essentially escrow pending the results of the trial. The defendant could file a motion asking for the return of those proceeds. And there are a couple cases we cited in our brief where the courts of appeals have affirmed district courts essentially granting an injunction saying, you know, I'm not going to make the victims give you the money back. But at this point, we're just going to hold it pending what happens next. So that's if there's a retrial. What happens if there's a remand for the entry of acquittal? What we have done, and I talked to our financial litigation, AUSA, and she's encountered this about three times in the past 15 years. We do reach out to the victims. And in each of those instances, the victims have actually been cooperative and they've returned the money back to us, which we have then given back to the defendant. I suspect if we encountered a situation where the victims were not turning the money over, we would have either we or the victims are in conjunction. We, the defendant, or in conjunction would have to file some sort of civil action or, you know, a conversion or something like that against the victims to try to convince them to get the money back. As I said, though, Your Honor, we haven't encountered that situation. Your Honor, if I could just address one other point, which is the defense has kind of raised an argument that we are not properly keeping track of the accounting. And he's referred to the interest by statute in 18 U.S.C. 3612 subsection F. Interest is required for every restitution order over $25,000 or $2,500. So we were, when we told Mr. Hillis that interest was required in this case, that was by statute. There's no miscalculations here, Your Honors. Unless this court has any further questions, we ask that you affirm the judgment. Thank you. Mr. Hillis. People have been entirely too casual about restitution. So that's perhaps why we don't notice the errors that perhaps are abundant. In any event, when we called about the interest amount that we do, we were told the interest was owed and there was an amount that was in excess of what the judge ordered because the judge never ordered interest. He could have, he didn't. The judge could have been appealed by the government for not ordering interest. Nobody seemed to care about that. They can't complain about it now. But what we can look to here in this case is a very easy thing. Ask people to come in prepared to address the necessary parts of sentencing. That means for the government to come in with its records from the financial litigation unit, perhaps the district court to look at its own records about what the payments were. This could have all been avoided. But when the problem lands to us the way that it does, and we have the problem that is here, there is then a requirement that the judge should be explicit and the judgment should be particular, explaining what it is that's owed, what the credits are, just like a judge is very capable of doing here. And it should be done jurisdictionally at the right moment in time, not to try to patch everything together at the end to avoid an appeal. And when we have the problem that we have here, it may be an instance of one problem that is suggestive of others, Judge Scudder. We just don't know. But we can say that it wasn't done right here. There's a simple solution, vacate, remand. Have it done the right way. People may be more aware of the court issues and opinion, telling them how to do this, so we don't have the problem in the future. We think that this is a good occasion. Thank you very much. Thanks to both counsel. The case is taken under advisement. And that concludes today's calendar. The court is in recess.